IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LISE L. LINTON, ET AL           :
                                :
v.                              :     Civil No. CCB-04-2983
                                :
MICHAEL A. BRIAND, ET AL        :

...o0o...

**MEMORANDUM**

Plaintiff, Lise Linton, instituted this suit in Frederick County Circuit Court with her husband, David Linton, claiming negligence and loss of consortium arising out of a car accident that occurred on August 10, 2003 on Maryland Route 140 in Frederick County, Maryland.  The Lintons sued Michael Briand ("Briand"), the driver of the automobile, Donita Rockwell ("Rockwell"), Briand's girlfriend and passenger in the car, and their own insurance company, Progressive Casualty Insurance Company ("Progressive").  The defendants removed the case to this court based on diversity jurisdiction.  In an amended complaint, David Linton was dismissed as a plaintiff and named as a defendant.  Due to her physical and emotional injuries, Lise Linton sued the defendants for $1,500,000 in compensatory damages, plus interest and costs of the suit.  Both David Linton and Progressive filed a cross-claim against Briand and Rockwell for contribution and indemnification.  Now pending before the court is defendant Rockwell's motion for summary judgment as to all claims, cross-claims, and third party claims.  This matter has been fully briefed and no hearing is necessary.  See Local Rule 105.6.  For the reasons stated below, Rockwell's motion will be granted.

**BACKGROUND**

At the time of the automobile accident, Briand lived in Milford, New Hampshire and Rockwell

lived in Cleveland, Ohio. (Rockwell's Mot., Briand Dep. at 5; id., Rockwell Dep. at 9.) They had traveled to Gettysburg, Pennsylvania to vacation together for one weekend. (Id.; id., Briand Dep. at 10, 12.) Rockwell arranged the airline reservations and paid for their tickets. (Id., Rockwell Dep. at 12-13.) She also made reservations and paid for an Alamo rental car for their use over the weekend. (Id. at 9, 12.) Rockwell does not remember which of them filled out the necessary paperwork for the car. (Id. at 11.) However, both were present when the automobile was rented as Briand was included on the rental agreement as an additional authorized driver. (Id., Rockwell at 12; id., Briand Dep. at 10.) Both Briand and Rockwell paid for gas. (Id., Briand Dep. at 11.) Briand selected and paid for their bed and breakfast stay and also paid for their activities and events. (Id., Rockwell Dep. at 12-13; id., Briand Dep. at 10, 25.)

The day of the accident, Briand and Rockwell attended a reenactment of a Civil War battle at Gettysburg, went shopping there, and started driving to Baltimore-Washington International airport about 3:30 to 4:00 p.m. (Id., Rockwell Dep. at 16-17; id., Briand Dep. at 12.) Briand was driving the vehicle on Maryland Route 140. (Id., Rockwell Dep. at 21.) According to Rockwell, Briand had not consumed any alcohol the day of the accident and was not driving recklessly, or in excess of the speed limit. (Id., Rockwell Dep. at 35.) Both Briand and Rockwell claim that their car was two cars behind the Linton pickup truck on a two-lane road, one lane for each direction. (Id., Briand Dep. at 16; id., Rockwell Dep. at 19-20.) The road widened to two lanes on each side at an intersection at the top of a hill. (Id.) Briand and Rockwell allege that David Linton had driven the pickup truck into the right hand turn lane to make a turn but turned left instead, in front of their vehicle. (Id., Rockwell Dep. at 19-20; id., Briand Dep. at 16-17.) Upon impact, the pickup truck flipped over and Lise Linton was

2

ejected from the car.  (Id., Briand Dep. at 17; id., Rockwell Dep. at 34.)

## ANALYSIS

Lise Linton has sued Rockwell for negligence, claiming that Briand was acting as Rockwell's agent at the time of the accident.  To be an agent of another under Maryland law, however, the agent must: (1) be subject to the principal's right of control; (2) have a duty to act primarily for the benefit of the principal; and (3) hold the power to alter the legal relations of the principal.  Integrated Consulting Services, Inc. v. LDDS Communications, Inc. 996 F.Supp. 470, 474 (D.Md.1998)(citing Schear v. Motel Management Corp. of America, 61 Md. App. 670, 687 (Md. App. 1985)).  Briand was simply Rockwell's boyfriend.  He was not under her control, had no duty to act for her benefit, and had no authority to change her legal relations.  The couple were on vacation together, informally sharing the expenses and splitting the driving responsibilities.  (Id., Rockwell Dep. at 12-13, 35; id, Briand Dep. at 10, 24-25.)  In its opposition brief, Progressive does not dispute Rockwell's contention that there was no agency relationship between Briand and Rockwell.  Because the Lintons each adopted Progressive's opposition brief, the Lintons and Progressive have conceded that there was no agency relationship between Briand and Rockwell.

Progressive argues instead that Briand and Rockwell were participants in a joint enterprise, thereby making Rockwell responsible for Briand's actions.  In Maryland, a joint adventure or enterprise is defined as "an association of two or more persons intended to carry out a single transaction for profit." Powers v. State, for Use and Benefit of Reynolds, 178 Md. 23, 29 (Md. 1940).  While riding together for pleasure has traditionally been deemed insufficient to establish a joint enterprise, it may be considered adequate if the parties have entered "an actual or implied contract giving common possession of the

vehicle and joint control of its operation." Id. A critical part of establishing joint enterprise is to demonstrate that the parties intended to "share losses," or expenses, as well as profits. Id.

Though Briand and Rockwell went on vacation for pleasure and not for any monetary gains, they did prearrange to share the trip expenses.[1] Rockwell explicitly admits in her brief that she and Briand had common possession of the vehicle as they were both authorized users of the car. As such, they had joint control of the car's operation. (Rockwell Mot. at 9.) Nevertheless, in a similar situation of joint control of a car between a husband and wife, the Maryland Court of Special Appeals decided that the negligence of the driver could not be imputed to the co-owner passenger because "the passenger, at most, enjoys a non-exclusive, mutual authority to control the vehicle's operation." Nationwide Mutual Insurance Co. v. Stroh, 314 Md. 176, 184 (1988). In this case, Rockwell, the passenger-renter, had no superior right of control over Briand, the co-renter driver. Thus, absent any other evidence, any negligence attributed to Briand cannot be imputed to Rockwell.[2]

For the reasons stated above, Rockwell's motion for summary judgment will be granted.

---

[1] Though the expense-sharing arrangement was informal, it was still clear enough a division for both Rockwell and Briand to remember.

[2] I recognize that Nationwide involved an injured passenger whose claim for recovery would have been defeated if the driver's negligence were imputed to her. There is no logical distinction, however, between this case and Nationwide as to the issue of Rockwell's right to control Briand's driving.

A separate order follows.

| | |
|---|---|
|    June 9, 2005    |    /s/    |
| Date | Catherine C. Blake |
| | United States District Judge |